# Exhibit A

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>Court address: 201 La Porte Ave, Suite 100, Ft. Collins, CO 80521 | DATE FILED: February 27, 2024 2:21 PM<br>FILING ID: 8A0C611512D52<br>CASE NUMBER: 2024CV30166 |
| **ELIZABETH KELLY, on behalf of herself and all similarly situated persons,**<br>**Plaintiff**<br><br>**v.**<br><br>**MADWIRE LLC,**<br>**Defendants** | **Δ COURT USE ONLY Δ** |
| Attorney for Plaintiff:<br>Kelli R. Riley, Atty. Reg. # 44828<br>RILEY LAW LLC<br>1748 Topaz Drive<br>Loveland, CO 80537<br>Telephone: 970-573-6442<br>kelli@RILEYLAWLLC.com | Case Number:<br><br>Division: |
| **COLLECTIVE ACTION COMPLAINT** | |

Plaintiff, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this Collective Action Complaint against Defendant, Madwire LLC.

## STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, et seq. (the "CWCA"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, et seq., as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS") contain various rules regarding employee wages and hours.  Defendants violated these laws by changing base pay, failing to properly compensate for lost commission, failing to pay overtime wages, and failing to provide rest and meal breaks.

2. The Federal Family and Medical Leave Act, 29 U.S.C. § 2601 (the "FLMA"), and the

Colorado Pregnant Workers Fairness Act C.R.S. § 24-34-402.3 (the "PWFA") contain various rules regarding pregnant employees' job-protected leave, and accommodations related to pregnancy, child birth, and recovery from childbirth.  Defendant violated these laws by changing base pay while Plaintiff was on maternity leave, failing to protect leave employees' commissions and book of business, and requiring employees who have returned from maternity leave to build back their book of business without support, resulting in a substantial cut in pay.

## PARTIES, JURISDICTION, AND VENUE

3.  Plaintiff is an individual and resident of Fort Collins, Colorado, Larimer County.

4.  Defendant is a Colorado Limited Liability Company conducting business in Colorado.

5.  Defendant's principal place of business is located in Fort Collins, Colorado, Larimer County.

6.  Venue is proper because Defendant is a corporation that can be found in Larimer County, C.R.C.P. 98(c)(1), Larimer is the county designated in the complaint, C.R.C.P. 98(c)(1), and this is an action arising from acts that were committed in Larimer County, C.R.C.P. 98(c)(5).

## FACTUAL BACKGROUND

7.  The FLSA, CWCA, and COMPS, which govern the wages and hours of thousands of Colorado employees, establish a minimum wage and address issues such as employee entitlement to and calculation of overtime pay.

8.  FMLA, and the PWFA govern the rights to job-protected leave, and reasonable accommodations of thousands of pregnant and post-partum Colorado employees.

2

9. FLSA, CWCA, and COMPS require Employers to provide rest and meal breaks to employees based on the number of hours worked per day.

10. FLSA, CWCA, and COMPS also require Employers to pay non-exempt salaried employees the standard overtime pay.

11. FMLA, and the PWFA require employers to allow pregnant and post-partum employees to take job-protected leave, allowing for their employees to return to the same job they had prior to taking leave.

12. FMLA, and the PWFA require employers to provide pregnant and post-partum employees with reasonable accommodations related to pregnancy and childbirth.

13. Defendant has violated the legal requirements of FLSA, CWCA, and COMPS by failing to allow employees appropriate rest and mealtime breaks.

14. Defendant has violated the legal requirements of FLSA, CWCA, and COMPS by failing to pay salary non-exempt employees their overtime wages.

15. Defendant has violated the legal requirements of PWFA by failing to provide reasonable accommodations related to pregnancy and child birth to employees.

16. Defendant has violated the legal requirements of FMLA by failing to allow post-leave employees to return to the same position they held before leave.

**COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), on behalf of herself and on behalf of all similarly situated employees for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective as follows:

ALL CURRENT OR FORMER SALARIED EMPLOYEES WHO WORKED
FOR DEFENDANT DURING THE APPLICABLE LIMITATIONS PERIOD

18. This action is properly brought as a collective action for the following reasons:

   a. The collective of employees is so numerous that joinder of all Members is
      impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendant are
      common to the Members and predominate over any individual issues which may
      exist.

   c. The claims asserted by Plaintiff are typical of the claims for Members and the
      collective of Members is readily ascertainable from Defendant's own records. A
      collective action is superior to the other available methods for the fair and
      efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Members. The interests
      of collective Members are coincident with, and not antagonistic to, those of
      Plaintiff.

   e. The prosecution of separate actions by individual Members would create a risk of
      inconsistent or varying adjudications with respect to individual Members which
      would establish incompatible standards of conduct for Defendants.

   f. The prosecution of separate actions by individual Members would create a risk of
      adjudications with respect to individual Members which would, as a practical
      matter, be dispositive of the interests of the other Members not parties to the
      adjudications or substantially impair or impede their ability to protect their
      interests.

g.  Defendants acted on grounds generally applicable to the collective Members, thereby making appropriate final injunctive relief with respect to the Members as a whole.

19. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members.  Plaintiff and Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subject to Defendants' common practice, policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)**

20. Plaintiff incorporates by reference all of the above paragraphs.

21. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

22. At all relevant times, Defendant has employed, and/or continues to employ, "employees," including Plaintiff, within the meaning of the Wage Claim Act.

23. Plaintiff was employed by Defendant.

24. At all times during her employment, Plaintiff was a salaried non-exempt employee.

25. Plaintiff did not perform any work that would classify her as exempt from overtime such as supervising employees as her primary duty, or having independent judgment.

26. At all times during her employment, Defendant did not pay Plaintiff overtime wages, and regularly did not allow for meal and rest breaks.

27. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due

under the Wage Claim Act, thereby violating, and continuing to violate, the Wage Claim

Act.  These violations were committed knowingly, willfully and with reckless disregard

of applicable law.

28. As a result, Plaintiff and collective Members have been damaged in an amount to be

determined at trial.  Plaintiff hereby demands payment on behalf of herself and all

Members in an amount sufficient to reimburse for unpaid overtime and worked rest

periods. This demand for payment is continuing and is made on behalf of any current

employees of Defendants whose employment terminates at any time in the future.  Such

payment can be made care of undersigned counsel at the listed address.

### SECOND CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

29. Plaintiff incorporates by reference all of the above paragraphs.

30. At all relevant times, Defendant has been, and continues to be, an "employer" within the

meaning of the FLSA.

31. Defendant is an enterprise engaged in interstate "commerce" and/or in the production of

"goods" for "commerce" within the meaning of the FLSA.

32. At all relevant times, on information and belief, Defendant has had gross volume of sales

in excess of $500,000.

33. At all relevant times, Defendant has employed, and/or continues to employ, non-exempt

"employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29

U.S.C. §216(b).

34. Plaintiff was employed by Defendant, and as stated above, her work duties did not

qualify her for any exemption from overtime.

35. At all times during her employment, Defendant regularly did not allow for meal or rest periods, and did not pay overtime wages.

36. While employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

37. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

38. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Violation of the COMPS #37 and #38, *et seq.)*

39. Plaintiff incorporates by reference all of the above paragraphs.

40. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the COMPS #37 and 38.

41. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the COMPS #37 and 38.

42. Plaintiff was employed by Defendant.

43. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the COMPS #37 and 38. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

44. As a result, Plaintiff and collective Members have been damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Violation of the Colorado Pregnant Workers Fairness Act, C.R.S. § 24-34-402.3 *et. seq.*)

45. Plaintiff incorporates by reference all the above paragraphs.

46. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Pregnant Workers Fairness Act.

47. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Colorado Pregnant Workers Fairness Act.

48. Plaintiff was employed by Defendant.

49. Plaintiff took protected leave under the Act

50. Plaintiff was not restored to her same job upon her return because her base salary was reduced and a significant number of her accounts had been lost, including her largest account and many of her larger accounts, requiring her to nearly start over building her book of business.

51. She had been assured that other advertising management team members would look after her accounts while she was on maternity leave, as an accommodation under the Act.

52. These team members were, under the accommodation, to receive 50% of Plaintiff's commissions on those accounts.

53. Plaintiff did not receive 50% of her commissions while she was on leave. One month she received 6%.

54. As a result of the foregoing conduct, as alleged, Defendant has violated and continues to violate, the Pregnant Workers Fairness Act. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

55. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Violation of the Federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et. Seq.*)

56. Plaintiff incorporates by reference all the above paragraphs.

57. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the federal Family and Medical Leave Act.

58. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the federal Family and Medical Leave Act.

59. Plaintiff was employed by Defendant.

60. Plaintiff was an eligible employee who took job-protected family leave.

61. During Plaintiff's leave, her base pay was reduced, and her book of business was not sustained.

62. Upon Plaintiff's return to work, she was not presented with the same quantity of business she had when she went on family leave.

63. Upon Plaintiff's return to work, her book of business and commission was far below her pre-leave level, and nothing was done to rectify this.

64. Plaintiff was expected to build her book of business to pre-leave levels without support or compensation.

65. Plaintiff's commission and overall income suffered as a result.

66. As a result of the foregoing conduct, as alleged, Defendant has violated and continues to violate, the Family and Medical Leave Act. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

67. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of herself and Collective Members and against Defendant as follows:

1.      Determining that the action is properly maintained as a collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Collective Members;

2.      Ordering prompt notice of this litigation to all potential Collective Members;

3.      Awarding Plaintiff and Collective Members declaratory and/or injunctive relief as permitted by law or equity;

4.      Awarding Plaintiff and Collective Members their compensatory damages, attorneys' fees, and litigation expenses as provided by law;

5.      Awarding Plaintiff and Collective Members their pre-judgment, post-judgment and moratory interest as provided by law;

6.      Awarding Plaintiff and Collective Members liquidated damages and/or statutory penalties as provided by law; and

7.      Awarding Plaintiff and Collective Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 27th of February 2024.


/s/Kelli Riley
Kelli R. Riley, Reg. #44828
RILEY LAW LLC
1748 Topaz Drive
Loveland, CO 80537
*Counsel for Plaintiff*

10