# EXHIBIT A-1

**MADWIRE, LLC**
**EMPLOYMENT AGREEMENT**

This Employment Agreement (this "**Agreement**") is made and entered into as of July 27th, 2020, by and between Elizabeth Kelly (the "**Employee**") and Madwire, LLC. a Colorado limited liability company (the "**Company**" and together with the Employee the "**Parties**").

WHEREAS, the Company desires to employ the Employee on the terms and conditions set forth herein;

WHEREAS, the Employee desires to be employed by the Company on such terms and conditions.

NOW, THEREFORE, in consideration of the mutual covenants, promises, and obligations set forth herein, the parties agree as follows:

1. Term. The Employee's employment hereunder shall be effective as of 7/27/2020 (the "**Effective Date**") and shall continue indefinitely on an "at will" basis until terminated by either Party. The period during which the Employee is employed by the Company hereunder is hereinafter referred to as the "**Employment Term.**"

2. Position and Duties.

   2.1 Position. During the Employment Term, the Employee shall be employed by the Company in the position of Ad Specialist. In such position, the Employee shall have such duties, authority, and responsibility as shall be determined from time to time by the Employee's manager, which duties, authority, and responsibility are consistent with other similarly situated employees of the Company and/or persons holding similar positions at companies engaged in the Company's industry.

   2.2 Duties. During the Employment Term, the Employee shall devote substantially all of their business time and attention to the performance of the Employee's duties hereunder and will not engage in any other business, profession, or occupation for compensation or otherwise which would conflict or interfere with the performance of such services either directly or indirectly without the prior written consent of the Company.

3. Place of Performance. The principal place of Employee's employment shall be the Company's principal Employee office currently located at 3420 E. Harmony Rd. Fort Collins, CO 80528 or the Company's satellite office located at 3405 S. Timberline Rd. Fort Collins, CO 80525; provided that, the Employee may be required to travel on Company business during the Employment Term.

4. Compensation.

   4.1 Base Salary. The Company shall pay the Employee an annual rate of base salary of $30,000.00 paid in accordance with the Company's standard payroll practices. The Employee's annual base salary, as in effect from time to time, is hereinafter referred to as "**Base Salary**".

   4.2 Commission. During the Employment Term, the Employee will be entitled to a commission (the "Commissions") based on the Madwire commission plan for similarly situated employees (the "Commission Plan"). The Commission Plan is subject to change at any time with written notice to you.

   4.3 Employee Benefits. During the Employment Term, the Employee shall be entitled to participate in all employee benefit plans, practices, and programs maintained by the Company, as in effect from time to time for other similarly situated employees (collectively, "**Employee Benefit Plans).** The Company reserves the right to amend or cancel any Employee Benefit Plans at any time in its sole discretion, subject to the terms of such Employee Benefit Plan and applicable law.

   4.4 Vacation; Paid Time-Off. During the Employment Term, the Employee will be entitled to paid time off (PTO) in accordance with the Company's PTO policy.

5. At-will Employment. The Employee's employment with the Company will be for no specific period of time. The Employee's **employment will be at-will, meaning that you or the Company may terminate the employment relationship at any time, with or without cause, and with or without notice and for any reason or no particular reason.** Although your compensation and benefits may change from time to time, the at-will nature of your employment may only be changed by an express written agreement signed by an authorized officer of the Company

6. Confidentiality, Work Product and Proprietary Rights.   The Employee has entered a certain Confidentiality and Proprietary Rights Agreement in connection with employment. This Confidentiality and Proprietary Rights Agreement is incorporated into this Agreement in full by this reference.

7. <u>Representations.</u> The Employee represents and warrants to the Company that:

The Employee's acceptance of employment with the Company and the performance of his duties hereunder will not conflict with or result in a violation of, a breach of, or a default under any contract, agreement, or understanding to which he/she is a party or is otherwise bound.

The Employee's acceptance of employment with the Company and the performance of his duties hereunder will not violate any non-solicitation, non-competition, or other similar covenant or agreement of a prior employer.

8. <u>Mandatory Arbitration</u>. In exchange for the mutual promises contained in this Agreement, and as a condition of Employee's continued employment with Employer, the Parties agree that:

Any dispute, controversy, or claim arising out of or related in any way to Employee's employment by Employer, or termination of employment, including but not limited to claims arising under or related to this Agreement or any breach of this Agreement, and any alleged violation of any federal, state, or local statute, regulation, common law, or public policy, shall be submitted to and decided by final binding arbitration. Notwithstanding anything to the contrary, this Agreement does not prevent Employee from filing a complaint or charge with the National Relations Labor Board , the Equal Employment Opportunity Commission, or any similar federal or state administrative agency, including claims for workers' compensation or unemployment insurance benefits.

The arbitration shall be administered by the American Arbitration Association and held in Fort Collins, Colorado before a single arbitrator, in accordance with the Employment Arbitration Rules of the American Arbitration Association in effect at the time the arbitration is commenced.

By entering into this Agreement, the Parties are waiving all rights to have their disputes heard or decided by a jury or in a court trial and the right to pursue any class or representative claims against each other in court, arbitration, or any other proceeding. The arbitrator shall have no jurisdiction or authority to compel any class or collective claim, or to consolidate different arbitration proceedings with or join any other party to an arbitration between Employer and Employee. The arbitrator, and not any court, shall have exclusive authority to resolve any dispute relating to the enforceability or formation of this Agreement and the arbitrability of dispute between the parties.

Any arbitral award determination shall be final and binding upon the Parties. Judgment on the arbitrator's award may be entered in any court of competent jurisdiction.

By executing this Agreement, the Parties represent that they have been given the opportunity to fully review the terms of this Agreement, including the agreement to arbitrate contained in it. The Parties understand the terms of this Agreement and freely and voluntarily sign this Agreement. **EACH PARTY FULLY UNDERSTANDS AND AGREES THAT THEY ARE GIVING UP CERTAIN RIGHTS OTHERWISE AFFORDED TO THEM BY CIVIL COURT ACTIONS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO A JURY OR COURT TRIAL AND THE RIGHT TO BRING ANY CLAIM AS A CLASS OR COLLECTIVE ACTION.**

9. <u>Choice of Law.</u> This Agreement will be governed by the laws of the state of Colorado.

10. <u>Entire Agreement.</u> Unless specifically provided herein, this Agreement contains all the understandings and representations between the Employee and the Company pertaining to the subject matter hereof and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, with respect to such subject matter. The parties mutually agree that the Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging breach of the Agreement.

11. <u>Modification and Waiver.</u> No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by the Employee and by the CEO of the Company. No waiver by either of the parties of any breach by the other party hereto of any condition or provision of this Agreement to be performed by the other party hereto shall be deemed a waiver of any similar or dissimilar provision or condition at the same or any prior or subsequent time, nor shall the failure of or delay by either of the parties in exercising any right, power, or privilege hereunder operate as a waiver thereof to preclude any other or further exercise thereof or the exercise of any other such right, power, or privilege.

12. <u>Severability.</u> Should any provision of this Agreement be held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement shall be held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall continue to be binding upon the parties with any such modification to become a part hereof and treated

as though originally set forth in this Agreement.

13. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of Company, its successors and assigns, and Employee, his/her heirs and legal representatives. The Company may assign all or any part of its rights under this Agreement to any successor in interest.

14. <u>ACKNOWLEDGMENT.</u> THE EMPLOYEE ACKNOWLEDGES AND AGREES THAT HE/SHE HAS FULLY READ, UNDERSTANDS AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. THE EMPLOYEE ACKNOWLEDGES AND AGREES THAT HE/SHE HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF HIS/HER CHOICE BEFORE SIGNING THIS AGREEMENT.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the latest date indicated on the signature pages hereto.

| Madwire, LLC | EMPLOYEE |
|---|---|
| By: | By: _____ |
| Name: Sierra Palmer | Name: |
| Title: HR Director | Date: _____ |

 **verifies the Electronic Signature of this document**

## SIGNATURE

| | |
|---|---|
| **Signer Name:** | Elizabeth Kelly |
| **User ID:** | elizabeth.marie.roth |
| **Date Electronically Signed:** | Jul 28, 2020 10:57 AM EDT |
| **File Name:** | Elizabeth Kelly Employment Agreement.pdf |
| **Display Name:** | Elizabeth Kelly Employment Agreement |